IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| PHILIP KEITH,<br><br>        Plaintiff,<br><br>vs.<br><br>WALLER AND WOMACK, P.C., ELI PATTEN, and NEAL JENSEN, United States Trustee,<br><br>        Defendants. | CV 12-163-BLG-RFC-CSO<br><br>FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

Plaintiff Philip Keith ("Keith"), appearing *pro se*, is suing the named Defendants alleging various claims related to Keith's bankruptcy proceedings. *Cmplt. (ECF 2).*[1] The Defendants are Waller and Womack, P.C. ("Waller & Womack"), Eli Patten ("Patten"), and Neal Jensen ("Jensen"). According to representations by their counsel in this action, Joseph V. Womack ("Womack"), of Waller & Womack, is

---

[1]The ECF citation refers to the document as it is numbered in the Court's electronic filing system. Citations to page numbers refer to those assigned by the ECF system.

the Court-appointed Chapter Seven Trustee for Keith's bankruptcy estate. *Waller & Womack's Br. in Support of Mtn. to Dismiss (ECF 9) at 5*. Patten and his law firm Crowley Fleck PLLP have been approved by the Bankruptcy Court to provide legal representation to Trustee Womack. *Patten's Br. in Support of Mtn. to Dismiss (ECF 12) at 2*. Jensen is the United States Trustee. *ECF 2 at 1*.

Waller & Womack and Patten have moved to dismiss Keith's claims against them. *See ECF 8, 11*. Having reviewed the record, together with the parties' arguments in support of their positions, the Court recommends that the motions be granted.

## I. BACKGROUND

Keith's complaint alleges as follows. Keith is a debtor in a District of Montana bankruptcy case entitled *In re Philip Dennis Keith*, *Bankruptcy Case Number 10-61722*. In 2012, Womack examined a witness named Heather Keith. *ECF 2 at ¶ 10*. Based on this examination, Womack sought to revoke Keith's bankruptcy discharge. *Id. at ¶¶ 35, 38*. Womack then provided information to the United States Attorney regarding what Womack believed to be potential

criminal activity by Keith in connection with the bankruptcy. *Id. at ¶¶ 28, 30, 34, 40*. Thereafter, Keith was indicted. *See United States v. Keith, CR-12-50-BLG-RFC. Id. at ¶ 31*.

Keith claims that Defendants engaged in misconduct that injured him. *ECF 2 at 2-4*. He asserts various state law causes of action and seeks damages and other relief. *Id. at 4-10*.

## II. DEFENDANTS' ARGUMENTS

In support of their motions to dismiss, Waller & Womack and Patten each make the same principal arguments. First, the Defendants argue that under Ninth Circuit case law, the Bankruptcy Code completely preempts Keith's state law claims against a bankruptcy trustee, or a court-approved attorney representing the bankruptcy trustee, for conduct taken during the course of the bankruptcy proceedings. *ECF 8 at 2; ECF 11 at 1-2*.

Second, the Defendants argue that this Court may not entertain claims against a bankruptcy trustee, or a court-approved attorney representing the bankruptcy trustee, for conduct taken during the course of the bankruptcy proceedings, unless the Plaintiff has first

obtained permission from the Bankruptcy Court to proceed with his claims in this forum. *ECF 8 at 2; ECF 11 at 2.*

Third, the Defendants argue that, in the alternative, Keith's claims should be dismissed for failure to state a claim pursuant to Rule 12(b)(6), Fed. R. Civ. P., because both Waller & Womack and Patten are entitled to absolute quasi-judicial immunity for the acts forming the bases of Keith's Complaint. *Id.*

### III. **DISCUSSION**

To date, Keith has not responded to either of these motions to dismiss. His deadline for doing so has passed. *Local Rule 7.1(d)(1)(B)* ("Responses to motions to dismiss ... must be filed within twenty-one (21) days after the motion was filed"). When a party opposing a motion fails to file a response, the Court has the discretion to deem the failure "an admission that the motion is well-taken." *Local Rule 7.1(d)(1)(B).*

Before recommending that these Defendants' motions to dismiss be granted, the Court must consider five factors: "(1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the

public policy favoring disposition of cases [on] their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). In *Ghazali*, the Ninth Circuit affirmed a dismissal, pursuant to a district court local rule similar to Local Rule 7.1(d)(1)(B), for failure to respond to a Rule 12(b)(6) motion to dismiss. Courts reached similar results in *Lund v. Brenner*, 163 F.3d 606 (9th Cir. 1998) (table) and *Roberts v. United States*, 2002 WL 1770930 (D. Nev. 2002).

Like the authorities above, after consideration of the *Henderson* factors, the Court concludes that dismissal of claims against these moving Defendants is appropriate. The first factor weighs strongly in favor of dismissal. At this juncture in the proceedings, dismissal will promote the public's interest in expeditious resolution of litigation. This is particularly true where, as here, the party bringing the action, after merely filing it, has failed to prosecute it further.

The second factor weighs strongly in favor of dismissal. Keith's failure to respond to these Defendants' motions undermines the Court's ability to expedite resolution of the action. *See Saba v. Caplan,* 2010

WL 4235473 (N.C. Cal. 2010) (motion to dismiss granted where plaintiff failed to respond). Such non-compliance with Court rules inherently delays resolution of the case and insures detriment to other litigants. This Court's ability to manage its docket is enhanced when, in the exercise of its discretion, it is permitted to summarily dispose of cases brought by a litigant who fails to respond to dispositive motions or to follow the Court's Local Rules.

The third factor weighs in favor of dismissal. Waller & Womack and Patten, as Defendants in this action, should suffer no prejudice by the dismissal of Keith's claims against them.

The fourth factor generally weighs against dismissal. This policy lends little support, however, to those parties responsible for moving a case forward but whose conduct impedes progress in that direction. In *Metcalf v. Select Portfolio Servicing, Inc.,* 2011 WL 1768755 (S.D. Cal. 2011), the court noted that "[a] case cannot move toward resolution on the merits when Plaintiff fails to defend his case against a Rule 12(b)(6) and (e) motion." The Court is not required, as it would be in granting a motion for summary judgment under these circumstances, to consider

the sufficiency of Defendants' motions to dismiss.  *See Ghazali*, 46 F.3d at 54; *see also Henry v. Gill. Ind., Inc.*, 983 F.2d 943, 949-50 (9th Cir. 1993).

Finally, as to the fifth factor, it is possible that the Court could adopt less drastic sanctions by, *sua sponte*, ordering Keith to file responses to the motions.  But the Court is reluctant to do so for the following reasons.

First, the other factors weigh strongly in favor of dismissal.  Second, Keith brought this action.  Although the Court must afford *pro se* litigants' pleadings liberal construction, such litigants are nevertheless "bound by the rules of procedure" the same as other litigants.  *Ghazali*, 46 F.3d at 54.  By bringing this action, Keith has assumed an affirmative responsibility to participate in the proceedings in accordance with the rules.  His failure to do so imposes a strain on judicial resources and, more significantly, works unfair prejudice upon Defendants compelled to appear to defend themselves.  The Court concludes that the fifth *Henderson* factor weighs in favor of dismissal.

Thus, the Court concludes after consideration of the *Henderson*

factors that the motions to dismiss brought by Waller & Womack and Patten should be granted. In so recommending, the Court notes that the deficiencies in Plaintiffs' Complaint cannot be cured by amendment in light of the type of action and the nature of relief sought. It appears that the court lacks jurisdiction over the claims presented. *See In re Crown Vantage, Inc.*, 421 F.3d 963, 970 (9th Cir. 2005) (*citing Barton v. Barbour*, 104 U.S. 126, 127 (1881)).

IV. **CONCLUSION**

For the foregoing reasons, **IT IS RECOMMENDED** that:

1. Waller & Womack's motion to dismiss *(ECF 8)* be GRANTED without prejudice; and

2. Patten's motion to dismiss *(ECF 11)* be GRANTED without prejudice.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or

objection is waived.

DATED this 12th day of March, 2013.

/s/ Carolyn S. Ostby
United States Magistrate Judge