IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION



| | |
|---|---|
| PHILIP KEITH,<br><br>Plaintiff,<br><br>vs.<br><br>WALLER AND WOMACK, P.C., ELI PATTEN, and NEAL JENSEN, United States Trustee,<br><br>Defendants. | Case No. CV-12-163-BLG-RFC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

Plaintiff Phillip Keith filed this action *pro se* against Waller & Womack, P.C., the firm of the Court-appointed Chapter Seven Trustee for Keith's bankruptcy estate, Eli Patten, the Trustee's legal counsel, and Neal Jensen, the United States Trustee. All claims relate to Keith's bankruptcy proceedings. Waller & Womack and Patten have moved to dismiss the claims against them (docs. 8 & 11) and United States Magistrate Judge Carolyn S. Ostby has recommended the motions be granted and Keith's Complaint (doc. 2) be dismissed without prejudice.

Keith's asserts various state law causes of action, claiming Defendants

1

engaged in misconduct during the bankruptcy proceedings that caused him to be indicted under 18 U.S.C. 1014 for making false statements to a federally insured financial institution. *See United States v. Keith,* CR-12-50-BLG-RFC. Although Judge Ostby correctly determined Keith's Complaint should be dismissed pursuant to L.R. 7.1(d)(1)(B) because Keith failed to respond to the motions to dismiss, she also indicated that this likely Court lacks subject matter over Keith's claims. Doc. 13, p. 8. Specifically, parties must obtain leave of the bankruptcy court before filing suit against a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's official capacity. *In re Crown Vantage, Inc.*, 421 F.3d 963, 970 (9th Cir. 2005). Keith's failure to obtain such leave is therefore fatal to his claims in this case.

Although Keith was afforded 14 days to object to Judge Ostby's Findings and Recommendations, Fed.R.Civ.P. 72(b)(2) & L.R. 72.3(b), he again failed to object or respond in any way. Although this failure to object waives all objections to Judge Ostby's findings of fact, *Turner v. Duncan,* 158 F.3d 449, 455 (9th Cir. 1999), this Court must review de novo any conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

After such a review, the Court finds Magistrate Judge Ostby's Findings and Recommendation to be correct in law and in fact and adopts them in their entirety.

Accordingly, **IT IS ORDERED** that Waller & Womack's and Patten's motions to dismiss (docs. 8 & 11) are **GRANTED**.

As the United States has represented that Keith consents to its motion to substitute the United States for Neal G. Jensen and to dismiss for lack of subject matter jurisdiction (doc. 17), **IT IS FURTHER ORDERED** that the United States' motion (doc. 14) is **GRANTED**.

The United States is substituted for United States Trustee Neal Jensen and Keith's Complaint (doc. 2) is **DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court shall notify the parties of the entry of this Order and close this case.

DATED the 8th day of April, 2013.

RICHARD F. CEBULL
Senior U.S. District Judge